No. 25,571.

THE FARMERS AND BANKERS LIFE INSURANCE COMPANY, *Appellee,* v. EDWARD ANDERSON, as County Treasurer of Sedgwick County, and SHESTER CONNER, as Sheriff, *Appellants.*

### SYLLABUS BY THE COURT.

1. INJUNCTION—*Taxation—United States Liberty Bonds Belonging to a Life Insurance Company Exempt from Taxation.* The imposition of a tax upon United States bonds is beyond the power of the state, and in levying a tax upon the property of a life insurance company, the state taxing authorities should deduct from the total valuation the amount of United States bonds included in such valuation.

2. SAME—*Company Not Estopped from Questioning the Validity of Taxation of Liberty Bonds.* The company is not estopped to question the validity of the tax upon the ground that an officer of the company in listing its property had set forth all of the capital stock and other property of the company at its true value in money, since the statement showed that United States bonds of a certain amount were included in the valuation of the property listed.

3. SAME—*Appropriate Remedy to Prevent Collection of Illegal Tax.* Injunction is an appropriate remedy to prevent the collection of an illegal tax.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed January 10, 1925. Affirmed.

*I. N. Williams,* of Wichita, for the appellants.

*J. A. Brubacher,* of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Is a corporation in listing its capital stock for taxation entitled to deduct from the valuation thereof government bonds owned by it, and which forms part of the assets of the corporation? The Farmers and Bankers Life Insurance Company had a paid-up capital stock of $275,000. The president of the company listed its property for taxation, placing the valuation of the whole at $285,090. Among other property listed in the return was $75,600 of Liberty bonds. Noticing the inclusion of the Liberty bonds in the return and deeming them to be exempt, the county clerk deducted the amount of the same from the valuation, leaving $209,490, as the amount upon which taxes were payable. On this valuation the company paid the first half of its taxes, to wit: $3,058.55. The county assessor learning that there had been a deduction of the United States bonds made out and filed a supplemental sheet placing

the Liberty bonds back on the tax roll, and when the company came to pay the last half of its taxes it found a charge of $5,266.70, instead of $3,058.55, as full payment of the taxes due, and a tender of this amount being refused a tax warrant against the company was issued. To enjoin the collection of the alleged excess of $2,207.57 this proceeding was brought. The injunction was granted and defendants appeal.

The plaintiff is a life insurance company, and one of the statutory provisions relating to taxation reads:

"The property of all life insurance companies organized and operating under the laws of this state shall be subject to taxation for state, county, municipal and school purposes, as provided in the general revenue laws of this state. Each such company or association shall make returns: First, of all the real estate held or controlled by it; second, of the net value of all its other assets or values in excess of the legally required reserve necessary to reinsure its outstanding risks, and of any unpaid policy claims, which net value shall be assessed and taxed as the property of individuals: *Provided,* That nothing herein shall operate to exempt from such taxation the paid-up capital stock of such companies." (R. S. 79-324.)

A general provision of the statute in regard to the listing of the capital stock of corporations and the deductions authorized to be made is as follows:

"That no person shall be required to include in the list of personal property any portion of the capital stock of any company or corporation which is required to be listed by such company or corporation; but all incorporated companies, except such companies and corporations as are specially provided for by statute, shall be required to list, by their designated agent in the township or city where the principal office of said company is kept, the full amount of stock paid in and remaining as capital stock, at its true value in money, and such stock shall be taxed as other personal property: *Provided,* That such amount of stock of such companies as may be invested in real or personal property, which at the time of listing said capital stock shall be particularly specified and given to the assessors for taxation, shall be deducted from the amount of said capital stock: *Provided,* That mortgages owned by any such company on property, real or personal, in any other state, shall not be deducted: *Provided further,* That real or personal property in any other state, or county in this state, shall be deducted if it be made to appear that the same has been duly listed for taxation in such other state, or county in this state." (R. S. 79-310.)

The defendants concede that in the listing of property, bonds of the United States are ordinarily not regarded to be subject to taxation, but they insist that the statute last quoted specifically provides for deductions from the amount of the valuation of corporate capital stock, and that as government bonds are not specifically

mentioned in the exceptions the plaintiff was not entitled to a deduction of them. Under the statute the property of life-insurance companies is subject to taxation for public purposes as provided in the general revenue law of the state. Such corporations are required to list or make returns of their property for taxation, and in doing so are to list the full amount of the paid-up capital stock which remains as capital at its true value in money. The stock is to be listed and taxed as personal property, and the public officers are enjoined to tax the stock as other personal property is taxed. Other taxpayers owning personal property, a part of which is government bonds, cannot be required to pay taxes on such bonds and are entitled to have the amount of the same deducted from the listed valuation. On the question at issue the case of *Home Savings Bank v. Des Moines*, 205 U. S. 503, corresponds so closely in its facts to those in this case that the decision of the federal supreme court is deemed to be controlling here. There an Iowa bank listed its assets for taxation. In fixing the valuation account was taken of the value of the capital stock, surplus and undivided earnings. The listing was done by the bank, and the tax levied on the capital stock was to be paid by the bank as upon corporate property. Among the assets of the bank were United States bonds, the amount of which it insisted should be deducted from the assessed valuation, but the taxing authorities refused to make the deduction and an action to test the validity of the tax was brought. The court held that the United States securities are beyond the taxing power of the state, and the question for decision in that case was whether in point of fact government bonds had been taxed. On an examination of the Iowa statutes relating to such a tax it was decided that the law was enacted and administered upon the theory that the tax was not upon the corporation or its franchise, but it was upon the property of the bank. The course taken by the Iowa officers in imposing the tax was somewhat like that followed in this case. In the opinion it was stated: .

"The valuation was first made· on the exact figures of the capital, surplus, and undivided earnings, deducting the holdings of United States securities. Then, upon being advised that the deduction was erroneous, the assessor corrected the valuation by adding the value of the securities deducted. We therefore conclude that the substantial effect of the law is to require taxation upon the property, not including the franchise, of the banks, and that the value of the shares, ascertained in a manner appropriate to determine the value of the assets, is only the standard or measure by which the taxable valuation of that property is determined." (p. 512.)

The court ruled that a tax upon the property of a corporation in which United States securities are included is invalid, and cited *Bank of Commerce v. New York City*, 67 U. S. (2 Black) 620, *Weston v. City Council of Charleston*, 27 U. S. (2 Pet.) 449, and the Bank Tax Case, 69 U. S. (2 Wall.) 200.

To the contention there made that the tax was imposed upon the corporation and not its property, Justice Moody said:

"The case at bar cannot be distinguished in principle from these cases. In the first case the tax was on the capital stock at its actual value; in the second case on the amount of the capital stock and the surplus earnings, and in the case at bar on the shares of the stock, taking into account the capital, surplus and undivided earnings. It would be difficult for the most ingenious mind and the most accomplished pen to state any distinction between these three laws, except in the manner by which they all sought the same end—the taxation of the property of the bank. The slight concealment afforded by the omission of the property *eo nomine* is not sufficient to disguise the fact that in effect it is the property which is taxed." (*Savings Bank v. Des Moines*, 205 U. S. 505, 515.)

In the cited case it was contended that a tax on the corporation measured by the value of the shares in it is equivalent to a tax upon stockholders for the shares of stock owned by them. The court said:

"But the two kinds of taxes are not equivalent in law, because the state has the power to levy one and has not the power to levy the other. The question here is one of power and not of economics. If the state has not the power to levy this tax, we will not inquire whether another tax which it might lawfully impose would have the same ultimate incidence. . . . But holding the opinion that the law directly taxes national securities, our duty is clear. If by the simple device of adopting the value of corporation shares as the measure of the taxation of the property of the corporation that property loses the immunities which the supreme law gives to it, then national securities may easily be taxed, whenever they are owned by a corporation, and the national credit has no defense against a serious wound." (pp. 519, 521. See, also, *Farmers Bank v. Minnesota*, 232 U. S. 516, *Iowa Loan & Trust Co. v. Fairweather*, 252 Fed. 605.)

The contention that because the United States securities are not included in the provisos or exceptions mentioned in the statute renders them taxable cannot be sustained. The fact that they were not expressly exempted and that there is no provision for a deduction of the same from a tax statement does not affect the exemption nor justify the taxing authorities imposing a tax on such securities. Under the federal law, which is supreme, a state cannot impose a tax on United States bonds, and this prohibition must be enforced whether there is an express authorization of the tax by the state, an

Mathewson *et al.* v. City of Wichita.

express exemption from it, or that it is not mentioned in the state statute.

There is a suggestion that as an officer of the plaintiff made a verified return showing the value of the stock and assets of the company to the full amount, it is now estopped to claim a deduction. The listing officer did give the full value of the assets of the company, but the statement showed expressly that in the assets which entered into the valuation there were Liberty bonds to the amount of $75,600, thus furnishing the necessary information to the officers for making the deduction. Because the Liberty bonds were so plainly set forth in the statement the county clerk made the deduction, thinking that it was his duty to do so. There is no basis for the claimed estoppel, nor is there anything substantial in the objection that injunction is not a proper remedy to prevent the collection of an illegal tax.

The judgment of the district court is affirmed.