## STATE OF KANSAS

### JULY TERM, 1925

*PRESENT:*

Hon. WILLIAM A. JOHNSTON, Chief Justice.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. JOHN MARSHALL,
Hon. JOHN S. DAWSON, } Justices.
Hon. W. W. HARVEY,
Hon. RICHARD J. HOPKINS,

No. 26,486.

The Davis-Wellcome Mortgage Company, *Plaintiff,* v. S. H. Haynes, as County Assessor of Shawnee County, and The Public Service Commission of the State of Kansas, *Defendants.*

No. 26,500.

Lizzie T. Gafford and Josephine Norton, Partners, doing business as Willis Norton & Co., *Plaintiffs,* v. S. H. Haynes, as County Assessor of Shawnee County, and The Public Service Commission of the State of Kansas, *Defendants.*

##### SYLLABUS BY THE COURT.

1. Taxation—*Corporations—Payment of Mortgage Registration Fee—Deduction of Amount from Regular Tax.* A Kansas corporation in making up a statement of the amount of its capital stock (that is, of the value of all the outstanding shares of stock) for purposes of taxation is entitled to deduct the amount it has invested in Kansas real-estate mortgages, on which it has paid the registration fee required by the statute of 1925 in lieu of all other taxes.

2. Same—*Money and Credits—Application of Tax System.* The provision that the statute of 1925, exempting money and credits from all taxation excepting a tax of 25 cents per annum on each $100 of value, shall not apply to money or credits "belonging to persons or to corporations incorporated under the laws of this state, the taxation of which is otherwise provided for by

1. Taxation, 37 Cyc. pp. 786, 787, 819. 2. Id., 37 Cyc. p. 896.

law," means that it applies only where a direct tax is to be paid upon specific items, according to the ordinary methods of general taxation.

3. SAME—*Money and Credits—Application of Tax System to Corporations.* Kansas corporations having capital stock are required to pay in behalf of their stockholders a tax based upon the value of all the outstanding shares, with such other deductions as the statute allows, but without deduction on account of its ownership of money and credits, being excepted from the operation of the general statute providing for taxing such property at the rate of 25 cents for each $100.

4. SAME—*Money and Credits—Application of Tax System to Merchants and Manufacturers.* Merchants and manufacturers are required to pay taxes upon the average value for the year of all their personal property appertaining to their business, whatever its form, including money and credits, being excepted from the operation of the general statute providing for the taxation of money and credits at a fixed rate.

5. SAME—*Money and Credits—Act Constitutional.* No violation of constitutional law is involved in requiring a corporation to pay in behalf of its stockholders a tax upon the total value of its outstanding shares, without deduction because of owning money and credits which in the hands of ordinary taxpayers would be subject only to a tax of 25 cents on each $100 of value.

6 SAME—*Money and Credits—Rate Uniform and Equal.* The provision of the state constitution that the rate of taxation shall be uniform and equal, except that money and credits may be classified and taxed uniformly as to class, is not violated by a statute requiring merchants and manufacturers to pay a tax upon the average value for a year of the assets, including money and credits, appertaining to their business, while other persons are required to pay taxes on money and credits of but 25 cents on each $100 of value.

Original proceedings in mandamus. Opinion filed July 9, 1925. Motions to quash alternative writs sustained except as to one proposition.

*Gilbert H. Frith,* of Emporia, *Bennett R. Wheeler, S. M. Brewster, J. L. Hunt,* all of Topeka, for the plaintiff The Davis-Wellcome Mortgage Company; *Edwin A. Austin,* of Topeka, for the plaintiff Willis Norton & Co.

*M. J. Healy, John M. Kinkel* and *Henry V. Gott,* all of Topeka, for the defendants.

The opinion of the court was delivered by

MASON, J.: The Davis-Wellcome Mortgage Company, a domestic corporation, seeks by mandamus to require the defendants, the state and county taxing officers, to accept a statement it has tendered as

3. Taxation, 37 Cyc. pp. 818, 820.   4. Id., 37 Cyc. pp. 782, 783.   5. Id., 37 Cyc. p. 751.   6. Id., 37 Cyc. p. 746.

Davis-Wellcome Mortgage Co. v. Haynes.

a correct basis for taxation. The case is submitted upon a motion to quash the alternative writ.

There is submitted at the same time a similar application in behalf of Willis Norton & Co., a partnership engaged in business as manufacturers and merchants, to be determined also upon a motion to quash.

We are required to determine the effect of portions of these two statutes: that making the payment of a registration fee amounting to 25 cents on each $100 of face value a substitute for other forms of taxation on Kansas real-estate mortgages (Laws 1925, ch. 273), and that making 25 cents on each $100 of value the rate of taxation on money and "credits," the latter term referring to notes and other obligations not secured by liens on real estate (Laws 1925, ch. 277).

1. One question to be decided in the mortgage company case is whether the plaintiff, which pays taxes on its capital stock—that is, on the total value of all its outstanding shares—is entitled to deduct from that total the value of its Kansas real-estate mortgages. The general statute relating to the payment of taxes by domestic corporations reads:

"That no person shall be required to include in the list of personal property any portion of the capital stock of any company or corporation which is required to be listed by such company or corporation; but all incorporated companies, except such companies and corporations as are specially provided for by statute, shall be required to list by their designated agent, in the township or city where the principal office of said company is kept, the full amount of stock paid in and remaining as capital stock, at its true value in money, and such stock shall be taxed as other personal property: *Provided,* That such amount of stock of such companies as may be invested in real or personal property, which at the time of listing said capital stock shall be particularly specified and given to the assessors for taxation, shall be deducted from the amount of said capital stock." (R. S. 79-310.)

The new law, so far as it bears on this question, reads:

"Before any mortgage of real property, or renewal or extension of the same, shall be received and filed for record on and after the first day of March, 1925, there shall be paid to the register of deeds of the county in which such property or any part thereof is situated, a registration fee for each one hundred dollars and major fraction thereof of the principal debt or obligation which is secured by such mortgage, the sum of 25 cents; . . . That after the payment of the registration fees as aforesaid the mortgage and the note thereby secured shall not otherwise be taxable.

"The holder of any mortgage of real estate recorded prior to March 1, 1925, may pay to the register of deeds of the proper county the tax herein prescribed, upon the amount of debt secured by the mortgage at the time of such

payment, as shown by the affidavit of the owner of such mortgage, filed with said register of deeds, for the unexpired term of such mortgage. The register of deeds upon such payment shall indorse upon the said instrument a receipt for the payment of such registration fee, together with the unpaid amount of the secured indebtedness at the date of such payment. Thereafter such mortgage and the note secured thereby shall not be otherwise taxable." (Laws 1925, ch. 273, §§ 2, 3.)

The plaintiff owns Kansas real-estate mortgages aggregating $232,290.57, on which it has paid the registration fee referred to. It makes the claim, which the defendants dispute, that in determining the sum on which it is required to pay a general property tax it is entitled to deduct the amount named from the value of its capital stock. The defendants assert that the plaintiff does not bring itself within the exemption provided in R. S. 79-310, because while its mortgages were particularly specified and given to the assessors, they were not given to them "for taxation." It is true the requirement of the statute, that at the time the plaintiff's capital stock is listed its mortgages should be given to the assessors for taxation, was not literally complied with, but to determine whether there was a substantial compliance we must consider the intention of each of the statutes involved and interpret them in connection with each other. The obvious purpose of the legislature in passing the act relating to the taxation of corporate stock was to relieve the corporation from the burden of having the value of its total capital stock by which its general tax is measured increased by its ownership of specific items of property on which it is required at the same time to pay direct taxes. The act of 1925 substituted for the ordinary property tax upon real-estate mortgages, whether owned by an individual or a corporation, a registration fee, with a provision that the payment of such fee should relieve the mortgages from further taxation. Under this plan the mortgages are no longer literally given to assessors for taxation. The interposition of an assessor becomes unnecessary because the rate is fixed by the legislature, but the mortgages themselves are presented to the register of deeds, who in the case of mortgages recorded prior to March 1, 1925, performs a function somewhat akin to an assessor in establishing the amount unpaid upon which the fee is computed. The owner of a real-estate mortgage who has paid the registration fee, which is really a tax, has done all that the new statute requires of him in respect to its taxation. He has to all intents and purposes given it to the assessor for taxation within the fair meaning of the statute. If the value of mortgages

owned by a corporation were to increase by that much the amount on which it is required to pay taxes, it might be technically true that the mortgages were not taxed otherwise than by means of the registration fee, but it would not be true in any practical sense. We hold that the plaintiff is entitled to make the deduction claimed.

2. The other questions are whether the Davis-Wellcome Mortgage Company, by reason of being a domestic corporation, and Willis Norton & Co., by reason of being manufacturers and merchants, are deprived of the privilege of ordinary taxpayers of having the annual tax they are required to pay upon money and credits limited to a rate of 25 cents on each $100 of value. The section of the statute to be interpreted reads:

"That money and credits as hereinbefore defined shall hereafter be subject to an annual tax of 25 cents per annum on each $100 of the fair cash value thereof; and shall hereafter be exempt from all other taxation: *Provided,* That nothing in this act shall be construed to apply to money or credits, as herein defined, belonging to persons or to corporations incorporated under the laws of this state, the taxation of which is otherwise provided for by law, or to any national banking association, or the stock thereof." (L. 1925, ch. 277, § 2.)

There is some difficulty in determining the force of the clause "the taxation of which is otherwise provided for by law." Obviously it does not refer to property, provision for the taxation of which on a different basis is made in some inconsistent preexisting statute that is not expressly repealed, for that would leave no field in which the new law could operate, inasmuch as all nonexempt property was already taxable in a somewhat different manner, and the only express repeal is of section 79-1407 of the Revised Statutes, which relieved from taxation bonds issued by Kansas municipalities. The repealing section (§ 12) contains the language, "all acts and parts of acts in conflict with the provisions of this act are hereby repealed"; but this clause is entirely without effect. It contemplates no repeal except to the extent of the conflict, and in case of a conflict the later expression of the legislature necessarily controls. (36 Cyc. 1097; 25 R. C. L. 912; *Wichita v. Telephone Co.,* 70 Kan. 441, 78 Pac. 886.) The most reasonable solution of the problem appears to be that the legislature intended the provision that money and credits should be taxed at the rate of 25 cents on each $100 of value to apply only where a direct tax is to be paid upon specific items according to the ordinary methods of general taxation.

3. This interpretation excludes money and credits belonging to domestic corporations having capital stock, because they pay upon

the total value of their outstanding shares of stock and not upon particular items of property, save in the case of real estate and personalty of exceptional character, and they could be given the benefit of the statute only by allowing the deduction from the valuation of their capital stock, for purposes of taxation, of the amount of their money and credits, without any provision being made for their paying a specific tax on such items.

4. It also excludes money and credits belonging to individuals who by reason of the character of the business in which they are engaged, or for any other reason, are by present or future statutes required to pay taxes thereon otherwise than through meeting a definite charge with respect to each specific item owned. Manufacturers and merchants, instead of paying taxes with reference to the personalty owned by them on the first of March, pay upon the estimated average value during the preceding twelve months of the personal property appertaining to their business, including bills receivable and other credits arising therefrom. We regard this as bringing them within the exception referred to and (with respect to their business) excluding them from the operation of chapter 277.

5. No valid constitutional objection can be urged to a construction which excludes the property of corporations from the operation of the act. Under the statute quoted (R. S. 79-310) the corporation pays the tax in behalf of all the stockholders; it is substantially a payment by them. (*Ranchmen's Trust Co. v. Duncan,* 114 Kan. 308, 219 Pac. 523.) Stockholders may be required to pay taxes on the full value of their shares even though that value is due in part to property owned by the corporation which is wholly exempt from taxation.

"The distinction between a tax upon shareholders and one on the corporate property, although established over dissent, has come to be inextricably mingled with all taxing systems and cannot be disregarded without bringing them into confusion, which would be little short of chaos." (*Home Savings Bank v. Des Moines,* 205 U. S. 503, 518. See, also, 7 Fletcher's Cyclopedia, Corporations, § 4590.)

6. In behalf of the partnership it is argued that the statute if given the interpretation we have adopted results in an unequal rate of assessment and taxation and thereby violates the provisions of section 1 of article 11 of the state constitution, which reads as follows, the portion beginning with the word "except" having been added by the amendment submitted in 1923 and adopted in 1924:

Davis-Wellcome Mortgage Co. v. Haynes.

"The legislature shall provide for a uniform and equal rate of assessment and taxation, except that mineral products, money, mortgages, notes and other evidence of debt may be classified and taxed uniformly as to class as the legislature shall provide." (Laws 1923, ch. 255, § 1.)

The purpose of the amendment is not that money, mortgages and notes may be grouped as a class by themselves and taxed uniformly, but that they may be grouped in such classes as the legislature may find suitable, the taxation to be uniform as to the members of the same class. The taxing of intangibles appertaining to the business of a merchant or manufacturer by a method different from that pursued in the case of other owners does not involve an arbitrary or unreasonable classification. The theory of the plan adopted obviously is that the assets of the business (other than real estate), because of their continually changing character—passing from one form into another—should be treated as a unit and assigned for purposes of taxation the average value of the whole during the year. We see in this no infringement of the constitutional provision.

The defendants suggest the desirability of an interpretation being placed upon another section of the tax law, but as no controversy concerning it is before us we cannot undertake to determine its meaning.

The motion to quash the alternative writ in the case brought by the corporation is overruled as to the matter of taxation of the Kansas real-estate mortgages. Otherwise both motions are sustained.