No. 28,566.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, Attorney-general, *Plaintiff*, v. S. H. HAYNES, County Assessor of the County of Shawnee, *Defendant*.

(278 Pac. 39.)

Opinion filed June 8, 1929.

*William A. Smith,* attorney-general, and *C. B. Randall,* attorney for State Tax Commission, for the plaintiff.

*Robert Stone, Ralph T. O'Neil, Otis S. Allen,* all of Topeka, *S. R. Sloan,* of Holton, and *Douglas Hudson,* of Fort Scott, for the defendant.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an original proceeding in mandamus to compel the county assessor to tax the property of certain life insurance companies in accordance with the directions of the state tax commission. That commission determined and instructed the assessor that the provision relating to the taxation of corporations,

namely, R. S. 79-310, prescribes the governing rule in the assessment and taxation of the property of these corporations under which all capital stock is to be assessed at its true money value and that no deductions or exemptions should be made under other statutory provisions. On the other side it is contended that R. S. 79-324 provides a distinct and exclusive rule for the assessment and taxation of the assets and other property owned and in the control of insurance companies, and that such companies are entitled to deductions of nontaxable property which it owns and to such deductions and exemptions as are permitted under other statutes where taxes are imposed by a different method. The statutory provision for the assessment of general corporate property provides—

"That no person shall be required to include in the list of personal property any portion of the capital stock of any company or corporation which is required to be listed by such company or corporation; but all incorporated companies, except such companies and corporations as are specially provided for by statute, shall be required to list by their designated agent in the township or city where the principal office of said company is kept, the full amount of stock paid in and remaining as capital stock, at its true value in money, and such stock shall be taxed as other personal property: *Provided,* That such amount of stock of such companies as may be invested in real or personal property which, at the time of listing said capital stock, shall be particularly specified and given to the assessors for taxation, shall be deducted from the amount of said capital stock: *Provided,* That mortgages owned by any such company on property, real or personal, in any other state, shall not be deducted: *Provided further,* That real or personal property in any other state, or county in this state, shall be deducted if it be made to appear that the same has been duly listed for taxation in such other state or county in this state." (R. S. 79-310.)

The other statute, which relates specially to life insurance companies, reads as follows:

"The property of all life insurance companies organized and operating under the laws of this state shall be subject to taxation for state, county, municipal and school purposes, as provided in the general revenue laws of this state. Each such company or association shall make returns: First, of all the real estate held or controlled by it; second, of the net value of all its other assets or values in excess of the legally required reserve necessary to reinsure its outstanding risks, and of any unpaid policy claims, which net value shall be assessed and taxed as the property of individuals: *Provided,* That nothing herein shall operate to exempt from such taxation the paid-up capital stock of such companies." (R. S. 79-324.)

There is little if any conflict in the two provisions quoted. Section 79-324, relating especially to insurance companies, declares that

the property and assets of such companies shall be subject to taxation for all purposes as provided in the general revenue laws of the state, and the principal provision for the taxation of all incorporated companies is found in section 79-310. Because of the peculiar character of the business and assets of insurance companies they are required to list first their real estate and the net value of all their other assets less the legal reserve which they are required to provide for the reinsurance of their outstanding risks, and also less the unpaid policy claims which really belong to insured persons. In order that there might be no misapprehension on account of the exceptions made as to reserve for reinsurance and unpaid policy claims, the legislature declared that nothing in the act should operate to exempt from taxation the paid-up corporate stock of such companies. Both sections provide for the listing and taxation of capital stock and the latter section refers in terms to the former one, accompanied with the declaration that nothing in the act should operate to exempt from taxation the paid-up capital stock of such companies. In measuring the value of the capital stock regard must be had to net value, or the amount of taxable valuation after deductions and exemptions provided for in this and other provisions of the general revenue laws have been made. This was determined in *Life Insurance Co. v. Anderson et al.*, 117 Kan. 451, 232 Pac. 592, where deductions were refused for government bonds which constituted a part of the assets of the company. There it was held that—

"Under the statute the property of life insurance companies is subject to taxation for public purposes as provided in the general revenue law of the state. Such corporations are required to list or make returns of their property for taxation, and in doing so are to list the full amount of the paid-up capital stock which remains as capital at its true value in money. The stock is to be listed and taxed as personal property, and the public officers are enjoined to tax the stock as other personal property is taxed. Other taxpayers owning personal property, a part of which is government bonds, cannot be required to pay taxes on such bonds and are entitled to have the amount of the same deducted from the listed valuation." (p. 453.)

This ruling is in effect controlling as to the right of the insurance companies to have deductions made from the true value of the paid-up capital stock for items of property that are exempt, and also to deductions for certain of their assets and securities taxed in a different way under the general revenue statutes. Where their assets are made up of municipal bonds and the like, they are taxable under the intangible tax law of 1925, chapter 277, as amended by

chapter 326 of the Laws of 1927, wherein it is specifically provided that such property shall be exempt from all other taxation. Where the securities owned or controlled by them are mortgages on real estate upon which registration fees have been paid in lieu of all other taxes as provided in chapter 273 of the Laws of 1925, corporations taxed on the outstanding shares of stock are entitled to deduct from the valuation of such shares the value of mortgages on which the registration fees have been paid. The right of corporations to deductions under the intangible tax law and upon mortgages where the registration fees have been paid was fully considered in *Davis-Wellcome Mortgage Co. v. Haynes,* 119 Kan. 1, 237 Pac. 918, where both of these laws were held to be valid and to warrant deductions by corporations of the taxes so paid from the taxable valuation of outstanding shares of stock. The plaintiff concedes that *Davis-Wellcome Mortgage Co. v. Haynes,* supra, and *Life Insurance Co. v. Anderson et al.,* supra, are against its contention, and we are asked to reconsider and overrule them. These decisions were carefully considered with a full knowledge of their application and the effect of their operation, and we see no occasion to overrule or modify them.

Considerable is said about the results of the application of these statutes so interpreted to corporations like the one in question and of the unwisdom of the policy of the statutes which, as we have seen, constitute a part of the general revenue system of the state. But the wisdom or policy of statutes where they are within the constitutional limitations, or whether some other policy would be wiser and conduce to better results, is a question for the legislature and not for the courts.

Following the decisions mentioned, it must be held that while the insurance companies must make return for taxation of the paid-up shares of stock of such corporations, they are entitled to the deductions mentioned in R. S. 79-324, and to the other deductions from the listed valuation provided for in the general revenue laws of the state, where assets are taxed by a different method, and therefore the writ to compel the assessor to comply with the directions of the state tax commission is denied.