No. 28,836.

THE CROSBY BROTHERS MERCANTILE COMPANY, *Appellee,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, and TOM BOYD, as County Treasurer, *Appellants.*

(280 Pac. 786.)

Opinion filed October 5, 1929.

*Eugene S. Quinton* and *Paul H. Heinz,* both of Topeka, for the appellants.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt* and *Virgil V. Scholes,* all of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover taxes paid under protest. Plaintiff recovered, and defendants appeal.

The decision depends on the proper interpretation of R. S. 79-310, which reads as follows:

"That no person shall be required to include in the list of personal property any portion of the capital stock of any company or corporation which is required to be listed by such company or corporation; but all incorporated companies, except such companies and corporations as are specially provided for by statute, shall be required to list by their designated agent in the township or city where the principal office of said company is kept, the full amount of stock paid in and remaining as capital stock, at its true value in money, and such stock shall be taxed as other personal property: *Provided,* That such amount of stock of such companies as may be invested in real or personal property which, at the time of listing said capital stock, shall be particularly specified and given to the assessors for taxation, shall be deducted from the amount of said capital stock: *Provided,* That mortgages owned by any such company on property, real or personal, in any other state, shall not be deducted: *Provided further,* That real or personal property in any other state, or county in this state, shall be deducted if it be made to appear that the same has been duly listed for taxation in such other state or county in this state."

Plaintiff made the following capital-stock return:

| | |
|---|---:|
| Capital stock | $250,000.00 |
| Surplus | 255,528.46 |
| Undivided profits | 13,630.91 |
| | $519,159.37 |
| Less deferred charges | 2,641.80 |
| Net capital stock | $516,517.57 |

With its capital stock return, plaintiff returned for taxation the following specific items of property:

| | | |
|---|---:|---:|
| Real estate | | $162,070.00 |
| Personal property: | | |
| Auto trucks | $1,170.00 | |
| Average merchants' stock | 241,945.00 | |
| Average moneys and credits | 18,980.00 | |
| Furniture and fixtures | 37,960.00 | |
| | | 300,055.00 |
| Total | | $462,125.00 |

The difference between the amount of capital stock and the amount of real estate and personal property was $54,392.57. Plaintiff's return disclosed investments in shares of stock in Kansas corporations, taxed under the general law, in the sum of $53,755. Plaintiff deducted this sum from the $54,392.57 and returned the difference, $637.57, as the amount of its capital stock remaining as capital stock on which its capital-stock tax should be computed. The deduction was explained in a letter to the assessor accompany-

ing the return. The deduction was disallowed by the assessor, by the board of equalization, and by the public service commission.

The general-tax law, by virtue of which plaintiff was taxed, is a property-tax law. The first section reads as follows:

"That all property in this state, real and personal, not expressly exempt therefrom, shall be subject to taxation in the manner prescribed by this act." (R. S. 79-101.)

The list of property which the taxpayer is required to give to the assessor includes the following items:

"18. Stocks in any company or corporation; 19. Moneys; 20. Credits $——, legal deductions $——, balance taxable; 21. Average value of merchants' stock for preceding year; 22. Average value of merchants' moneys and credits for preceding year." (R. S. 79-307.)

This is a general provision, and after provisions relating to location of property and time of listing (R. S. 79-308 and 79-309), R. S. 79-307 is qualified by R. S. 79-310 printed above, and which should be reread here.

The result of the foregoing is listed capital stock, with increments of surplus and undivided profits, represents the *corpus* of the corporation's avails, real and personal. Shares of capital stock are merely divisions of capital stock. The value of capital stock is the total value of all the divisions and, except in cases specially provided for by statute and not material here, shares are not taxed to shareholders. (*Bank v. Geary County*, 102 Kan. 334, 346.)

If, at the time of listing capital stock for taxation, the corporation discloses investments in real and personal property which it returns for taxation according to the general method of taxing real and personal property, such investments may be deducted from capital stock and the remainder, if any, is taxed as capital stock.

Capital stock is paid in and profits accumulate which are added to the capital stock account as surplus and undivided profits. Capital stock and its additions are invested in real and personal property. In this instance plaintiff invested in personal property, consisting of shares created by other corporations, to the amount of $53,755. The certificates lay among plaintiff's assets as merchandise lay on its shelves and in its showcases. Capital stock was necessarily reduced by those investments. Capital stock was valued, however, to include the shares, just as capital stock was valued to include store building, merchandise, and delivery wagons; and if the

shares were not deducted from capital stock they would be taxed contrary to the legislative intention.

Shares of stock, exempt from taxation to the stockholder and having no place in a list of personal property to be taxed to the stockholder, are not specifically mentioned in the first proviso of R. S. 79-310 as deductible. Because they are not specifically mentioned, the taxing authorities ruled that plaintiff's shares were not deductible. This court has expressly repudiated this interpretation of the statute and has repeatedly held that enumeration in the statute of certain kinds of investment as deductible from capital stock does not forbid deduction of other kinds of investment. (*Life Insurance Co. v. Anderson et al.*, 117 Kan. 451, 232 Pac. 592; *Davis-Wellcome Mortgage Co. v. Haynes*, 119 Kan. 1, 237 Pac. 918; *Hodgins v. Shawnee County Comm'rs*, 123 Kan. 246, 255 Pac. 46; *State, ex rel., v. Haynes*, 128 Kan. 343, 278 Pac. 39.)

The opinion in *Life Insurance Co. v. Anderson et al.*, 117 Kan. 451, 232 Pac. 592, contains the following:

"The defendants concede that in the listing of property, bonds of the United States are ordinarily not regarded to be subject to taxation, but they insist that the statute last quoted specifically provides for deductions from the amount of the valuation of corporate capital stock, and that as government bonds are not specifically mentioned in the exceptions the plaintiff was not entitled to a deduction of them.

. . . . . . . . . . . . . . . .

"The contention that because the United States securities are not included in the provisos or exceptions mentioned in the statute renders them taxable cannot be sustained. The fact that they were not expressly exempted and that there is no provision for a deduction of the same from a tax statement does not affect the exemption nor justify the taxing authorities imposing a tax on such securities." (pp. 452, 454.)

In this instance the statute itself exempted plaintiff from taxation on its shares of stock created by other corporations.

In the case of *Davis-Wellcome Mortgage Co. v. Haynes*, 119 Kan. 1, 237 Pac. 918, the syllabus reads:

"A Kansas corporation in making up a statement of the amount of its capital stock (that is, of the value of all the outstanding shares of stock) for purposes of taxation is entitled to deduct the amount it has invested in Kansas real-estate mortgages, on which it has paid the registration fee required by the statute of 1925 in lieu of all other taxes." (Syl. ¶ 1.)

The mortgage company returned its mortgages, not for taxation but for deduction from capital stock, just as plaintiff returned the

shares of corporate stock which it owned, not for taxation but for deduction from capital stock. The case arose on a return for taxation made in 1925, the year the mortgage-registration act was passed. The opinion of the court affiliated payment of registration fees to giving mortgages to the assessor for taxation. The reasoning would seem quite sophistical if applied to the return of the mortgage company for 1929, and the plain fact is that because the mortgages were exempt from taxation under the general-tax law they were deductible from capital stock by virtue of R. S. 79-310.

The necessary implication of the decision in *Ranchmen's Trust Co. v. Duncan,* 114 Kan. 308, 219 Pac. 523, is that investments in shares of bank stock would be deductible from the capital stock return of a trust company were it not for the provision "except such companies and corporations as are specially provided for by statute."

Plaintiff's valuation of its capital stock was $516,517.57. This valuation was accepted by the assessor, and plaintiff was assessed and taxed accordingly. Plaintiff's return disclosed that this valuation included shares of stock of other corporations to the amount of $53,755, and plaintiff deducted this amount from the recapitulation in its return. The tax proceedings plainly show the deduction was simply disallowed. Capital stock was not revalued. It was admitted at the trial that plaintiff owned shares of stock in other corporations. Whether correctly valued or not, those shares were valued at $53,755, and plaintiff was obliged to pay under protest a capital-stock tax on that valuation. It is not material whether the corporations creating the shares paid their taxes. The shares were exempt from taxation to plaintiff.

The judgment of the district court is affirmed.