LEIGH HUNT, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ALLEN *et al.*, *Appellees.*

No. 16,526.

SYLLABUS BY THE COURT.

1. TAXATION — *Stock of Corporation — Resident Owner.* The resident owner of shares of stock in a corporation which is organized in another state and has its principal office in such state, and not in the state of Kansas, is required by the statutes of this state to list such shares for taxation at the full value thereof, and is not entitled to any deduction from the assessment thereof although all, or practically all, of the cap-

ital of such corporation is invested in real estate and personal property which is taxed in this state.

2. ——— *Double Taxation—Validity of Statute.* Such taxation of such shares of stock is not double taxation, and the statutes authorizing the same are not void as in conflict with section 1 of article 11 of the constitution of the state of Kansas, but are valid.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed May 7, 1910. Affirmed. Rehearing denied June 17, 1910.

*Altes H. Campbell,* and *John F. Goshorn,* for the appellant; *John J. Jones,* and *Zeigler & Dana,* of counsel.

*H. A. Ewing, S. A. Gard,* and *G. R. Gard,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: It is agreed that "the question here presented is, May a resident owner of shares in a foreign corporation which has complied with the corporation laws of this state be lawfully taxed thereon, where all of its property is situated and taxed and the tax thereon paid in this state, its property so taxed exceeding in value the value of all its outstanding shares, and where all or practically all of its shareholders are also residents of this state?"

The plaintiff, Hunt, filed a petition in the district court of Allen county in which it is virtually conceded he stated facts sufficient to entitle him to recover judgment against the defendants for nearly $1000, if the above question be answered in the negative. The defendants jointly demurred to the petition on the ground that the facts stated did not entitle the plaintiff to recover. The demurrer was sustained by the court, and, the plaintiff electing to stand upon his pleading, judgment was rendered against him for costs. He appeals.

This question must be answered by the statutes of the state. Section 9214 of the General Statutes of 1909 (Laws 1876, ch. 34, § 1) provides "that all property in

this state, real and personal, not expressly exempt therefrom, shall be subject to taxation in the manner prescribed by this act." That the capital stock of the corporation in question is personal property is determined generally and specifically by the following excerpt from section 9215 of the General Statutes of 1909 (Laws 1907, ch. 408, § 1) :

"The term 'personal property' shall include every tangible thing which is the subject of ownership, not forming part or parcel of real property; also the capital stock, undivided profits and all other assets of every company, incorporated or unincorporated, and every share or interest in such stock, profit, or assets, by whatever name the same may be designated, provided the same is not included in other personal property subject to taxation or listed as the property of individuals."

It is not contended that this capital stock is exempt from taxation, or that the capital stock of any corporation for profit is directly exempt by any provision of the statute. It is, however, contended that to maintain "a uniform and equal rate of assessment and taxation" (Const. art. 11, § 1), the provisions of section 9229 of the General Statutes of 1909 (Laws 1908, ch. 80, § 1), which apply only to corporations having their principal office within the state, should in some way be applied to the capital stock of a corporation having its principal office outside of the state but owned by citizens and residents of the state. The provision of section 9229 necessary to elucidate the contention is as follows:

"That no person shall be required to include in the list of personal property any portion of the capital stock of any company or corporation which is required to be listed by such company or corporation; but all incorporated companies, except such companies and corporations as are specially provided for by statute, shall be required to list by their designated agent in the township or state [city] where the principal office of said company is kept, the full amount of stock paid in and remaining as capital stock, at its true value in money, and such stock shall be taxed as other personal property; provided, that such amount of stock of such com-

panies as may be invested in real or personal property which, at the time of listing said capital stock, shall be particularly specified and given to the assessors for taxation, shall be deducted from the amount of said capital stock."

It is true that under the provisions of this section the capital stock of a corporation having its principal office in this state practically escapes taxation to the extent that the same is invested in real estate or in personal property. But it is also true that under the provisions of the statute the owner of shares of stock in a corporation which does not have its principal office in the state is required to list the same for taxation at its full value; and there is no provision for deducting from the amount of such value any sum proportionate to the amount which the corporation has invested in real estate or personal property in the state as compared with the entire capital stock thereof. This results in an inequality of taxation. Where a company has its principal office in this state the stockholder is not directly assessed or taxed on his stock. The corporation lists its entire capital stock and is allowed a deduction from the value thereof in the amount of the value of the real and personal property in which the stock is invested and which is taxed. The stockholder inferentially pays his proportion of the taxes levied against his stock indirectly by a reduction of the dividends, while the owner of stock in a corporation which does not have its general office in this state is required personally to list, and is taxed upon the full value of, his shares of capital stock, and is required to pay the tax directly.

The plaintiff listed and was taxed on the full value of his shares of stock in a corporation organized under the laws of West Virginia, in which state was its general office. The capital of the corporation was invested almost entirely in real estate and personal property in Kansas, and its property in this state was taxed at a greater value than the amount of its capital stock. The plaintiff denied liability to pay any taxes upon his

shares, and tendered payment of taxes on his other property, which, being refused, he paid the entire tax and brought this action to recover the amount which he claims was illegally levied against him.

It must be conceded that he paid more taxes than would have been required of him if the corporation had had its principal office in this state and had listed its property and been taxed according to the statutes of the state. While the result is unequal, he has not been subjected to double taxation. The corporation, as a person, was assessed and paid its taxes in accordance with the laws of the state. It did not own the shares of stock assessed to the plaintiff, but he owned the same independently and separately, and they were directly assessed and taxed to him under the provisions of the statute. (Gray's Lim. Tax. Power, § 1374; 27 A. & E. Encycl. of L. 949; 1 Desty, Tax. p. 353; *Wright v. Louisville & Nashville R. R. Co.*, 195 U. S. 219; *Greenleaf v. Board of Review*, 184 Ill. 226.)

It is apparent that it would be very impracticable, if not impossible, to adapt the method provided by statute for listing and taxing shares in corporations having general offices in the state to the listing and taxing of shares in corporations not so situated. The inequality in this case grows out of the different method provided by the statute for listing and assessing shares in the two kinds of corporations. Of necessity the legislature has adopted several different methods for the assessment of property of different classes and used in different kinds of business. The same rate of taxation was levied upon the plaintiff's property, and the same method of assessment was applied thereto, as is applied to the property of all other citizens similarly situated. So far no Solon has appeared in this or any other state of the Union who could devise a method, or any number of methods, of assessment and taxation for all the various kinds of property which would result in equal taxation in every individual.

case. As has been said, if absolute equality of taxation is required, there can be no taxation.

The petition at least fails to allege that the corporation had its general office within this state and that it thus became the duty of the corporation to return its capital stock, including the plaintiff's shares, for taxation. Therefore the petition is demurrable.

The judgment is affirmed.