F. H. PATTERSON, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WILSON *et al., Appellees.*

No. 16,558.

TAXATION—*Stock*—*Corporation.* The resident owner of stock of a foreign corporation having its principal office in this state is not required to list such stock for taxation.

Appeal from Wilson district court. Opinion filed July 9, 1910. Reversed.

*J. T. Cooper,* for the appellant.

*F. M. Woodard,* and *W. H. Edmundson,* for the appellees.

Per Curiam: This case is entirely similar to that of *Hunt v. Allen County,* 82 Kan. 824, except that in this case, while the corporation is a foreign corporation, it has its principal office in the state of Kansas, whereas in the Hunt case the principal office of the company was not in the state of Kansas and the corporation, through its principal office or agent, could not be required to list the capital stock.

Section 9229 of the General Statutes of 1909 (Laws 1908, ch. 80, § 1) provides:

"That no person shall be required to include in the list of personal property any portion of the capital stock of any company or corporation which is required to be listed by such company or corporation; but all incorporated companies, except such companies and corporations as are specially provided for by statute, shall be required to list by their designated agent in the township or state [city] where the principal office of said company is kept, the full amount of stock paid in and remaining as capital stock, at its true value in money, and such stock shall be taxed as other personal property; provided, that such amount of stock of such companies as may be invested in real or personal property which, at the time of listing said capital stock, shall be particularly specified and given to the assessors for taxation, shall be deducted from the amount of said capital stock; provided, that mortgages owned by any such company on property, real or personal, in any other state, shall not be deducted; provided further, that real or personal property in any other state, or county in this state, shall be deducted if it be made to appear that the same has been duly listed for taxation in such other state or county in this state."

Under the provisions of this section, the corporation having its principal office in this state and being required to list all of its capital stock, and being authorized to deduct the amount of capital stock invested in real or personal property, the plaintiff is not required to list his stock in the corporation for taxation. This exemption from taxation of stock in the hands of the holder thereof is positive when the corporation is required to list the same. If there is a failure to tax the corporate stock, it results from a failure properly to list and assess the property of the corporation, and not the property of the stockholder. The Hunt case emphasizes the statement that the discrimination is not as between domestic and foreign corporations, but that the exemption from taxation to the holder of the stock

15—83 KAN.

does not apply in case the corporation has no general office within the state.

The judgment is reversed and the case is remanded, with instructions to render judgment in favor of the plaintiff.