Weis v. Stubblefield.

---

F. O. WEIS, *Appellant*, v. E. E. STUBBLEFIELD, *as County Treasurer, etc., et al, Appellees.*

No. 17,126.

HEADNOTE BY THE REPORTER.

TAXATION—*Stock of Corporation—Resident Owner—Validity of Statute—Title of An Act—Defective Records.* Stock of a foreign corporation which does not have its principal office in Kansas held to be taxable at the residence of the owner in this state; the statute on the subject held not invalid on account of its title or the defective record of its enactment.

Appeal from Montgomery district court. Opinion filed June 10, 1911. Affirmed.

*John J. Jones, W. E. Ziegler, J. H. Dana,* and *Charles Bucher,* for the appellant; *Campbell & Goshorn,* of counsel.

*John S. Dawson,* attorney-general, *Hal R. Clark,* county attorney, and *J. W. Holdren,* assistant county attorney, for the appellees.

*Per Curiam:* The plaintiff seeks to recover $287.31 paid by him to the county treasurer, under protest, as taxes on certain shares of the capital stock of two foreign corporations, and which he alleges were not subject to taxation. It is not alleged or contended that either corporation has its principal office in Kansas, and hence it does not come within the exemption provided for in the tax law. (Laws 1908, ch. 80, § 1, Gen. Stat. 1909, § 9229.) The validity of that provision was upheld in *Hunt v. Allen County,* 82 Kan. 824, and *Patterson v. Wilson County,* 83 Kan. 224. These decisions interpret the statute and they answer most of the objections urged against the judgment in this case.

There is no force in the averment that the taxing officers intended to make a distinction between domestic and foreign corporations, or, rather, between those which had their principal offices in the state and those which did not, as that is the distinction which the statute makes and requires them to make.

The title of the tax law is said to be invalid in that it is too narrow to warrant a provision for the appointment of assessors. The first clause of the title, "An act to create a tax commission, defining its powers and duties, fixing the compensation of its members and employees," etc. (Laws 1907, ch. 408, Gen. Stat. 1909, § 9215 *et seq.*), is sufficiently broad and inclusive, within the rules governing the interpretation of legislative titles, to warrant the inclusion of a provision for the appointment of assessors, who are, in a sense, a part of the commission. (*Woodruff v. Baldwin,* 23 Kan. 491; *Comm'rs of Cherokee Co. v. The State, ex*

*rel.*, 36 Kan. 337; *The State v. Bush,* 45 Kan. 138; *In re Sanders, Petitioner,* 53 Kan. 191; *Harrod v. Latham,* 77 Kan. 466.)

The contention that the act is invalid because the senate and house did not coöperate and both pass the act as it was enrolled, approved and published can not be sustained. The presumption of validity which goes with the enrolled bill is not overcome by the silence, defects or seeming inconsistencies between the senate and house journals. (*The State, ex rel., v. Francis, Treas'r,* 26 Kan. 724; *In re Taylor,* 60 Kan. 87; *The State v. Andrews,* 64 Kan. 474; *Railway Co. v. Simons,* 75 Kan. 130.)

The journals of the two houses, when fairly interpreted, not only fail to show beyond all doubt that the act was not regularly enacted, but they appear to verify the enrolled bill.

The judgment of the district court is affirmed.