No. 39,536

CLARENCE RUNBECK, et al., *Appellants,* v. LINN PETERSON, County Clerk, McPherson County, et al., *Appellees.*

(279 P. 2d 233)

Opinion filed January 22, 1955.

*James A. Cassler,* of McPherson, argued the cause, and *Paul Lackie,* and *Charles D. Johnson,* both of McPherson, were with him on the brief for the appellants.

*John K. Bremyer,* of McPherson, argued the cause, and was on the brief for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiffs commenced this action to enjoin the county clerk of McPherson county from listing for assessment and the board of county commissioners of that county from levying a tax on six hundred shares of the capital stock of the H. D. Lee Company, a corporation, hereafter referred to as the company.

The abstract discloses a series of pleadings, a demurrer and motions and rulings thereon, but, in view of later proceedings had, it is not necessary they be detailed further than to note that a temporary injunction was granted shortly after the petition was filed. The abstract fails to show dates, but from the order in which they are shown, it appears some affidavits were received in evidence after which a so-called "stipulation" was filed. It was stated that the parties stipulated "as follows" and submitted the questions later set forth for the trial court's decision. So far as we need note it was stipulated that plaintiffs owned six hundred shares of the capital stock of the company, a corporation under the laws of Kansas, and that Harry Colmery of Topeka was its registered agent for the state of Kansas; that plaintiffs had never paid intangible personal property tax upon their stock; that on May 12, 1952, defendants

had notified plaintiffs they would cause the stock to be assessed on June 16, 1952, for the year 1952 and prior years as provided by law and that prior to the latter date plaintiffs had commenced the instant action. It was further stated that plaintiffs contended their stock was exempt from taxation under G. S. 1949, 79-310; that the statute required the company to list its capital stock for taxation if any of said stock was not invested in real or personal property in the state of Kansas or some other state, but that defendants contended that such capital stock must be listed for taxation only if the company's principal office was within the state of Kansas; that in support of plaintiffs' contentions they submitted pertinent affidavits regarding investments of the capital stock of the company in property in Kansas and other states, setting forth the taxes paid, including income and corporation taxes. Defendants admitted the truthfulness of the affidavits as to the facts, objected they were immaterial and that they did not tend to prove any issue involved. Plaintiffs also listed sections of the statutes on which they relied. It was further stipulated that the company had not paid intangible personal property tax in Kansas on its capital stock; that defendants contended the company was not required to list its capital stock for the reason its principal office was in Kansas City, Missouri; that plaintiffs claimed the term "principal office" as used in the statute was not applicable for the reason the capital stock is all invested and for the further reason the term "principal office" is not applicable to a Kansas corporation, the term as now applied being that of a registered office or the residence of the resident agent of the corporation. It was then stipulated the question to be decided was "Are shares of stock in a Kansas corporation exempt from taxation to a registered owner?" that question to be answered by answering the following: 1. Is the H. D. Lee Company, Inc., required to list its capital stock for taxation under G. S. 1949, 79-310? 2. If the answer to No. 1 is "no" are there any other statutes which specifically exempt plaintiffs from being assessed upon the shares of the company?

After the above stipulation was filed the parties further stipulated that annual reports filed by the company with the secretary of state of Kansas contained a printed statement "The location of its principal office is" followed by a blank in which the words "Kansas City, Jackson County, Missouri" were inserted. Plaintiffs objected, not as to accuracy, but for the reason the facts stipulated were an

attempt to alter an instrument or instruments which required action by the company's board of directors; not the best evidence, and an attempt to alter the terms of the charter. Only a portion of the charter of the company is abstracted. It is shown that by the original charter of December 26, 1894, the place where the company's business was to be transacted was Salina, Kansas, and that an amendment was made to the charter on January 9, 1948, that the registered office be changed from an address in Salina to National Bank of Topeka Building, Harry W. Colmery, Topeka, Kansas, and that the registered agent be changed from a named person of Salina to Harry W. Colmery, National Bank of Topeka Building, Topeka, Kansas.

Affidavits of Wayman, vice-president and treasurer of the company, set forth in detail the amount of franchise tax, land and personal property tax, truck licenses and income tax paid in Kansas for the involved years and the operations of the company but are silent on the subject of any return made as required under G. S. 1949, 79-310. It was stated that the *executive* office of the company was in Kansas City, Missouri, where its substantial operations were carried on, and that the company maintained its principal office, being the corporate and registered office, in Topeka and that Harry Colmery was its duly appointed and qualified registered agent. The affidavit did not disclose where the meetings of the stockholders or of the board of directors were held. Schedules attached to Wayman's second affidavit showed in considerable detail the states wherein the company operated, the taxes paid in each of those states and other matters tending to show the capital stock was fully invested in real and personal property.

After consideration the trial court made findings of fact which need be noticed only in part and to the general effect that the company was a Kansas corporation and Harry Colmery was its registered agent; that the company had never paid intangible property tax in this state on its capital stock; that plaintiffs had never paid intangible personal property tax on their stock; that the principal office of the company was Kansas City, Missouri. The trial court concluded as matters of law that G. S. 1949, 79-310 did not require the company to list its capital stock for taxation in the state of Kansas for the reason its principal office was in Kansas City, Missouri; that since the company was not required to list its stock in Kansas, plaintiffs' stock in the company was not exempt from taxation;

that other statutes mentioned in the petition and stipulation were not applicable and did not grant plaintiffs an exemption on their stock; that the burden was on the plaintiffs to show an exemption and none had been shown and therefore the stock was subject to being assessed for intangible personal property tax and it was plaintiffs' duty to list it. The trial court set aside its temporary injunction and adjudged the costs against the plaintiffs. Their motions for modifications of the findings of fact and conclusions of law and for a new trial were denied, and in due time they perfected their appeal to this court, their specification of errors covering matters hereafter discussed.

Preliminary to discussing the appellants' contentions, we notice briefly the law and the statutes with reference to the taxation against the owner thereof of stock in a corporation and the provisions for exemption from such taxation.

A basic principle applies where exemption from taxation is claimed for, as has been held, " 'Taxation is the rule; exemption is the exception, and statutes granting exemption from taxation are strictly construed' " (*Manhattan Masonic Temple Ass'n v. Rhodes,* 132 Kan. 646, 296 Pac. 734, and cases cited) and "Tax-exemption provisions of the constitution and the statutes are to be strictly construed and those seeking such exemption have the burden of showing clearly that the facts entitle them to the exemption." (*Clements v. Ljungdahl,* 161 Kan. 274, 167 P. 2d 603, and cases cited.)

Neither Art. XI, § 1 of our constitution nor any other provision of it purports to exempt shares of the capital stock of a corporation from taxation.

Without quotation thereof, nor detailing the same fully, we note briefly the following sections of the General Statutes of 1949 with reference to taxation: 79-101 provides that all property, real and personal, "not expressly exempt therefrom" shall be subject to taxation; 79-102 defining words and phrases used in the tax statutes states that the term personal property includes the capital stock, individual profits and all other assets of every company, incorporated or unincorporated, "and every share or interest in such stock"; 79-201 to 79-208 both inclusive, set forth the general exemption provisions created by the legislature none of those provisions referring to the capital stock of a corporation of the type involved in this action; 79-301 requires every person to list his personal property for taxation; 79-306 provides that every person required by the act to

list property shall, when called on by the assessor, make out and verify by his oath a statement of all personal property he is required to list; and 79-307 sets forth the contents of the statement and includes "18. Stocks in any company or corporation."

It is clear that the above sections in themselves provide that shares of capital stock in the hands of the stockholder are subject to taxation. As heretofore indicated, the contention plaintiffs' shares were not, under the facts of the present case, is predicated on 79-310 which we quote in full:

"79-310. Listing of capital stock; deductions. That no person shall be required to include in the list of personal property any portion of the capital stock of any company or corporation which is required to be listed by such company or corporation; but all incorporated companies, except such companies and corporations as are specially provided for by statute, shall be required to list by their designated agent in the township or city where the principal office of said company is kept, the full amount of stock paid in and remaining as capital stock, at its true value in money, and such stock shall be taxed as other personal property: *Provided,* That such amount of stock of such companies as may be invested in real or personal property which, at the time of listing said capital stock, shall be particularly specified and given to the assessors for taxation, shall be deducted from the amount of said capital stock: *Provided,* That mortgages owned by any such company on property, real or personal, in any other state, shall not be deducted: *Provided further,* That real or personal property in any other state, or county in this state, shall be deducted if it be made to appear that the same has been duly listed for taxation in such other state or county in this state."

The gist of appellants' principal contention the trial court erred in its judgment is that under the section of the statute quoted the holder of capital stock in a Kansas corporation is not required to list his stock for taxation and to pay tax thereon but that it is the duty of the corporation to list the capital stock and to pay the tax due thereon, if any, when determined under the provisions of the statute. There is an inferred rather than direct contention a corporation, if it has its principal office within this state, is required to make a capital stock return only if its capital is not fully invested in real and personal property otherwise subject to taxation. With that we do not agree. A capital stock return is required in order that it may be determined from the return whether any tax is due.

Appellants rely principally upon our decision in *Crosby Bros. Merc. Co. v. Shawnee County Comm'rs.,* 128 Kan. 740, 280 Pac. 786. The issue in that case was the extent of deductions a corporation had in making its capital stock return and in which the cor-

poration contended successfully it was entitled to deduct as personal property shares of stock in Kansas corporations held by it as a part of its capital assets. Our attention is directed specifically to the next to the last sentence in the opinion that "It is not material whether the corporations creating the shares paid their taxes." (1. c. 744) We need not review that decision fully for in that case no question was raised nor discussed as to whether the corporations creating the stocks held by Crosby did not have to make capital stock returns in Kansas for the reason their *principal offices* were not within the state, the real question in the case now before us. Appellants also direct our attention to *Bank v. Geary County,* 102 Kan. 334, 170 Pac. 33, LRA 1918 C 986; *Life Insurance Co. v. Anderson et al.,* 117 Kan. 451, 232 Pac. 592; *Davis-Wellcome Mortgage Co. v. Haynes,* 119 Kan. 1, 237 Pac. 918; *Hodgins v. Shawnee County Comm'rs.,* 123 Kan. 246, 255 Pac. 46; and *Davis-Wellcome Mortgage Co. v. State Tax Comm.,* 140 Kan. 734, 38 P. 2d 1100. Examination of the cited cases discloses that the Life Insurance Co. case and the Hodgins case dealt with the question whether United States bonds were deductible items in capital stock returns; that *Bank v. Geary County* related to the taxation against the corporation of shares of capital stock issued by each of several corporations under particular statutes and that the statute now before us was only incidentally involved; that the first Davis-Wellcome case involved the deduction of mortgages on which a registration tax had been paid; and that the second Davis-Wellcome case was an original proceeding in mandamus in this court to compel removal from the capital stock return of the company of shares held by it in a Missouri corporation. The writ sought was denied. The opinion does not disclose the location of the principal office of the Missouri corporation nor is the matter mentioned as there seems to have been no issue thereon. The case leads to the conclusion that the holder of stock in a Missouri corporation must return the stock for taxation unless the principal office is within the state of Kansas and a corporation capital stock return is made under 79-310 above quoted. A review of all the cases mentioned discloses that while they contain interesting dissertations on the matter of taxation of the capital stock of a corporation and were properly decided, no one of them discusses the question as to the liability to taxation against the owner thereof of shares of capital stock of a corporation

organized under the laws of this state and which does not maintain its principal office within the state.

In a somewhat detached way appellants state that the question as to where the principal office of the company was located was injected into the case and that the trial court assumed that there must be a principal office in Kansas before there can be any exemption from taxation, that the trial court overlooked the first clause of the statute, and the remaining clause that what is to be taxed is so much of the capital stock as remains in the company and uninvested. On that thesis, appellants argue that the term "principal office" is applicable only if there is any tax to be paid by the corporation on its capital stock and only then does the question arise as to what is the principal office under 79-310. However, they direct our attention to definitions in Webster's International Dictionary, Second Edition, Black's Law Dictionary, 72 C.J.S. 522, and to *Kelty v. Burgess*, 84 Kan. 678, 115 Pac. 583, that the word "principal" is defined as main, chief, leading, highest in character, and argue that the chief office is the residence, habitation or domicile of the corporation, and, taken in connection with the provision of our corporation code defining "registered office" to mean that office maintained by the corporation in this state (G. S. 1949, 17-2601), the terms "principal office" and "registered office" are synonymous.

We think it unnecessary that a detailed resume be made of the origin of 79-310 in our statutes, or to discuss authorities cited as to what constitutes the domicile of a corporation. We pause here to state that insofar as taxing statutes are concerned, the provision, in substance, that no person is required to include in the list of his personal property shares in a corporation, and that the corporation shall make a capital stock return in the city or township "where the principal office of such company is kept" appeared in G. S. 1868, Ch. 107, Sec. 12, and although since amended in other parts, that language has remained to this day.

Insofar as our statutes pertaining to corporations are concerned, we note that by G. S. 1868, Ch. 23, Sec. 6, the charter must set forth "*Third*, The place or places where its business is to be transacted" and that in subsequent amendments of the statutes pertaining to corporations that language was never changed and persisted until the adoption of the general corporation code by the enactment of Laws 1939, Ch. 152, now appearing as G. S. 1949, Ch. 17, Art. 24, at which time it was eliminated. At no time did the statute require

that the charter name the place where the principal office was located. Since 1939 the statute has required only a statement in the charter of a corporation of the location of its registered office in this state ( G. S. 1949, 17-2802), and as has been noted registered office is defined as "that office maintained by the corporation in this state, the address of which is kept on file in the office of the secretary of state in the manner required by law." Lest it be thought the matter has been overlooked we note that there was no evidence as to what the company's *application* for a charter contained, nor that the charter was ever amended except in the particulars heretofore noted, nor is there any showing as to provisions of the bylaws. We do note that Laws 1898, Ch. 10, Sec. 2, was a statute requiring that an *application* for a charter of a corporation should set forth certain information including "2d, The place where its principal office or place of business is to be located"; that the section of the statute was amended by Laws 1907, Ch. 140, Sec. 9, so the particular provision read: "(2) The name of the post-office where the principal office or place of business is to be located", and, as so amended it appeared as G. S. 1949, 17-402. The entire section was repealed by Laws 1953, Ch. 125, Sec. 12. We also note that since 1939 the board of directors of a corporation may meet within or without the state unless otherwise provided by the bylaws (G. S. 1949, 17-3104). Under the circumstances presented by the record in the instant case, we do not believe it may be said as a matter of law that the principal office of the corporation, as those words are used in the taxation statute, is the same as the registered office as those words are used in the present general corporation code. If the terms "principal office" and "registered office" were synonymous, every corporation, domestic or foreign, authorized to do business in this state, would have its principal office within the state, and no stockholder would have any tax liability on his stock.

The reasons why the judgment of the trial court should be affirmed, as set forth in the appellees' brief, are covered by what is later set forth.

A reference to the applicable statute, 79-310, will disclose that the terms company or corporation therein are not modified in any manner by such words as domestic or foreign or created by the laws of this state or created by the laws of any other state. The statute refers to both classes. The requirement that the corporation make a capital stock tax return is predicated, not on the state of its

origin, but on the requirement that it make the return in the township or city where the principal office of the company is kept. (cf. *Hunt v. Allen County*, 82 Kan. 824, 109 Pac. 106; *Patterson v. Wilson County*, 83 Kan. 224, 109 Pac. 790; and *Weis v. Stubblefield*, 85 Kan. 199, 116 Pac. 205.)

Under the law heretofore set forth the burden was on the appellants to establish they were entitled to the exemption claimed, and to sustain that burden they had to prove as a matter of fact that the principal office of the company was in some particular township or city within the state. If there was evidence sustaining the trial court's finding the principal office was in Kansas City, Missouri, the appellants must fail as they have not shown themselves entitled to exemption from taxation. What evidence was before the trial court to warrant its conclusions of fact?

Extensive review is not needed to demonstrate there was evidence supporting the trial court's finding of fact that the principal office of the company was in Kansas City, Missouri. In his affidavit, Wayman, vice-president and treasurer thereof, stated the executive office of the company was in Kansas City, Missouri, where its substantial business was carried on and that the principal office was the registered office in Topeka, but he did not state and there is no other proof thereon, that any meetings of the stockholders or any meetings of the board of directors or that any other corporate functions were carried on in Topeka. Under G. S. 1949, 17-3102 all elections for directors may be held within or without the state at the time and place specified in the bylaws and under G. S. 1949, 17-3104 all meetings of the board of directors may be held at any place within or without the state unless otherwise provided by the bylaws. No showing was made as to any bylaws and with reference as to any showing that stockholders' or directors' meetings had to be or were held in Topeka the appellants failed. The stipulated evidence did show that the annual reports filed with the secretary of state disclosed that the principal office of the company was in Kansas City, Missouri. It is true that the appellants objected to the competency of the stipulated fact for reasons heretofore noted. In our opinion the objections made cannot be sustained. Under Laws 1913, Ch. 135, any corporation, organized under the laws of this state for profit, must make an annual report to the secretary of state showing specified facts among which was "2. The location of its principal office." A later amendment in 1917 did not change the above quoted

language, and the statute, as amended, now appears as G. S. 1949, 17-701. It may not be said that evidence of the annual report the company was compelled to make was an attempt to prove an amendment of the charter, which could be made only in the manner provided by statute, or to alter the terms of the charter, or that it was not the best evidence of the fact.

The evidence just mentioned afforded a substantial basis for the trial court's conclusion of fact that the principal office of the company was in Kansas City, Missouri. That fact being found, it may not be said the company was compelled by the taxing statute (79-310) to list its capital stock for taxation in any township or city within this state. Unless the company was so compelled, a person holding any portion of the capital stock was not excused or exempted from including the stock in the list of his personal property under 79-306, 79-307, and other sections providing for the taxation of personal property.

In our opinion the trial court's judgment was correct and it is affirmed.

Robb, J., not participating.