No. 39,721

STATE OF KANSAS, ex rel. LELUS B. BROWN, County Attorney of Harvey County, Kansas, *Appellant,* v. CLAY HEDRICK, as County Clerk of Harvey County, Kansas; THE STATE COMMISSION OF REVENUE AND TAXATION OF THE STATE OF KANSAS, and the CITY OF WICHITA, KANSAS, *Appellees,* and THE BOARD OF COUNTY COMMISSIONERS OF HARVEY COUNTY, KANSAS; HALSTEAD TOWNSHIP OF HARVEY COUNTY, KANSAS; LAKIN TOWNSHIP OF HARVEY COUNTY, KANSAS; HALSTEAD COMMON SCHOOL DISTRICT NO. 52 OF HALSTEAD, KANSAS; RURAL HIGH SCHOOL DISTRICT NO. 1 OF HALSTEAD, KANSAS; BENTLEY PUBLIC SCHOOL DISTRICT NO. 185, JOINT, OF BENTLEY, KANSAS; and VALLEY CENTER TOWNSHIP OF SEDGWICK COUNTY, KANSAS, *Appellants.*

(283 P. 2d 437)

136

Opinion filed May 7, 1955.

*Kenneth G. Speir*, of Newton, argued the cause, and *Lelus B. Brown*, County Attorney of Harvey County, Kansas, was with him on the brief for the appellants the State of Kansas and the Board of County Commissioners of Harvey County, Kansas.

*J. Rodney Stone*, of Newton, was on the brief for the appellants Halstead and Lakin Townships of Harvey County, Kansas; Halstead Common School District No. 52 and Rural High School District No. 1, of Halstead, Kansas; Bentley Public School District No. 185, Jt., of Bentley, Kansas; and Valley Center Township of Sedgwick County, Kansas.

*Arthur N. Turner*, of Newton, argued the cause, and *Alden E. Branine*, and *C. Fred Ice*, both of Newton, were with him on the brief for the appellee Clay Hedrick, as County Clerk of Harvey County, Kansas.

*Douglas E. Shay*, of Wichita, argued the cause, and *Fred W. Aley*, of Wichita, was with him on the brief for appellee the City of Wichita.

The opinion of the court was delivered by

THIELE, J.: The state on the relation of the county attorney of Harvey county instituted a proceeding in the district court of that county to compel the county clerk to assess certain property, later mentioned, for taxation, and on the same day an alternative writ was issued. Thereafter the State Commission of Revenue and Taxation, the Board of County Commissioners of Harvey County and the city of Wichita and two townships were made defendants and other municipal corporations who would share in any tax levied, were permitted to intervene. The city of Wichita filed its motion to quash the motion for and the alternative writ of mandamus issued.

The trial court sustained the motion to quash, and the plaintiff, the Board of County Commissioners and the various municipal corporations other than the city of Wichita have appealed.

In view of the questions presented on the appeal, it is not necessary that all of the pleadings be reviewed.

In the motion for the writ filed April 19, 1954, the plaintiff alleged: (1) That Hedrick was the county clerk of Harvey county; (2) "that the City of Wichita, Kansas, has the legal title to certain water pipe lines, pumping equipment, and other appurtenances located in Harvey County, Kansas, but that the beneficial use thereof is in the Wichita Water Company, a private corporation organized for profit. That the City of Wichita, Kansas, purchased and installed said pipe line and other appurtenances located in Harvey County, Kansas, pursuant to a certain agreement with said Wichita Water Company in connection with a certain franchise, that hereunto attached, marked 'Exhibit A,' is a true and correct copy of Ordinance No. 13-520, which sets forth the agreement or arrangement between said city and said water company."; (3) that under the constitution of the state of Kansas the pipe line and other appurtenances were not exempt from taxation but the defendant had failed to assess them for taxation; (4) that plaintiff had no adequate remedy at law and was entitled to a writ of mandamus directed to the county clerk requiring him to assess the above property for taxation. There was no description of the property other than as shown above.

The copy of the ordinance shows it was enacted November 22, 1942, and granted to The Wichita Water Company, hereafter referred to as the company, a franchise for the purpose of constructing, operating, extending and maintaining a system of waterworks in the city of Wichita for the purpose of supplying and distributing water to the city and the inhabitants thereof for domestic, commercial, industrial and other uses as well as for the extinguishing of fires, and that the city, during the life of the franchise, should deliver to the company at a stated location an adequate supply of water for distribution except under conditions not of present importance and that the company should pay to the city stated rates for the water as well as other fixed charges.

On April 24, 1954, the county clerk filed his answer alleging that the records in his office disclosed that in the year 1941 a described five acres was entered upon the tax rolls as the property of the city of Wichita and was assessed for the years 1941 to 1945, inclusive, and on July 6, 1946, the Commission of Revenue and Taxation of the state of Kansas issued an order abating the tax for the reason the property was exempt from taxation and subsequent thereto the property was not again assessed; that he had not placed the prop-

erty on the assessment rolls for the current year because of the above order and for the further reason the legal title to the property was in the city of Wichita, a city of the first class, and, under Art. XI, Sec. 1, of the state constitution and G. S. 1949, 13-1406 and 79-201, the property was exempt from taxation. Other allegations need not be set forth. He prayed the alternative writ be dismissed and he have judgment for costs.

On May 18, 1954, the trial court made its order that the city of Wichita and others be made parties defendant and on June 12, 1954, the city of Wichita filed its motion that the court quash the motion for the alternative writ and the alternative writ issued for reasons which need not be set out in detail but which included that the county clerk was commanded to perform acts beyond the power and scope of his duties, and that no facts were stated showing plaintiff had a clear legal right to require performance of the acts ordered done by the county clerk.

The trial court heard the motion to quash, and after having it under consideration for some time, on August 23, 1954, sustained the motion. In due time the plaintiff, the board of county commissioners and the municipal corporations other than the city of Wichita served notice of appeal.

In this court the appellants have filed a single abstract and a single brief.

Before taking up appellants' contentions of error we note that no defendant has raised any question of the venue of the action insofar as it is concerned. However, as bearing on the question, attention is directed to *Trader v. Southwestern Bell Telephone Co.*, 145 Kan. 690, 66 P. 2d 414, as to venue of actions against a city, and to *Huerter v. Hassig*, 175 Kan. 781, 267 P. 2d 532, as to actions against a state agency.

Appellants premise their argument by directing attention to Art. XI, Sec. 1, of our state constitution that all property *used exclusively* for municipal purposes shall be exempted from taxation, to G. S. 1949, 79-201, *Seventh*, that all works, machinery and fixtures belonging to any city and *used exclusively* for conveying water to such city shall be exempt from taxation, and to the fourteenth amendment to the constitution of the United States that no state shall deprive any person of property without due process of law nor deny any person within its jurisdiction the equal protection of the law, and by stating the motion to quash is equivalent to a demurrer, citing *Citizens*

*Utilities Co. v. City of Goodland,* 146 Kan. 172, 69 P. 2d 318, and therefore the motion to quash admits all of the allegations of the motion for the writ and the writ, citing *Zinn v. Hill Lumber & Investment Co.,* 176 Kan. 669, 272 P. 2d 1106. Appellants state that the admissions are that title is vested in the city; that the beneficial use is in the company, a private corporation for profit, and the property has not been assessed for taxation, and in another place in their brief, they state the admission is that the waterworks are used exclusively for the purpose of conveying water to the company. It need not be debated but that a demurrer or other pleading equivalent thereto admits the well pleaded allegations of the pleading attacked for the purpose of determining the sufficiency of the pleading. While a pleading is usually to be liberally construed in favor of the pleader, the whole of it must be considered and where the pleader attaches to his pleading a written instrument on which his allegation rests, he cannot plead at variance with the terms of that instrument or not justified by it (*Wood v. Stewart,* 158 Kan. 729, 150 P. 2d 331). Applying the rule stated, the motion to quash did not admit the pleaded conclusion the beneficial use of the property was in the company and whether that be the case is to be determined from the ordinance and presents a question of law which will be considered later.

Appellants' contentions all are based on their assumption that beneficial use is in the company, and are presented under three general headings: (1) The property is not exempt by statute; (2) the property is not exempt under the constitution; and (3) the exemption violates constitutional provisions.

Preliminary to discussing the appellants' contentions it is noted that the city of Wichita bases its claim for exemption from taxation on two statutes, one pertaining to taxation and providing that all property belonging exclusively to any city shall be exempt from taxation (G. S. 1949, 79-201, *Sixth*), the other pertaining to cities of the first class and providing lands, buildings and other property of such city shall be exempt from taxation (G. S. 1949, 13-1406). Appellants contend that these statutes are unconstitutional in that they do not make the exemption depend upon exclusive use for a public purpose. If, however, the action be disposed of on appellants' contention the property is not exempt under the statute later mentioned and on which they rely, then the questions of

constitutionality of the above mentioned statutes need not be discussed.

Appellants' first contention is that the only statute applicable is G. S. 1949, 79-201, *Seventh,* which provides for exemption from taxation of

"All works, machinery and fixtures belonging to and owned by any town, city or village, and used exclusively for conveying water to such town, city or village."

and they argue that such statute deals specifically with the tax status of waterworks belonging to a city, and no other statute dealing generally with tax exemption applies, under the rule that where there is a conflict between a statute dealing generally with a subject and another dealing with a specific phase of it, the specific legislation controls, in support of which they cite *Moody v. Edmondson,* 176 Kan. 116, 269 P. 2d 462. They expand their argument by citing a number of our decisions holding that taxation is the rule, exemption is the exception, and that statutes granting an exemption are strictly construed and those claiming the exemption have the burden of showing clearly that the facts entitle them to the exemption. Those rules were recently restated and adhered to in *Runbeck v. Peterson,* 177 Kan. 314, 279 P. 2d 233, and the cases cited by appellants need not be reviewed.

In support of its contention that the statutes relied upon by it control, the city of Wichita cites *City of Harper v. Fink,* 148 Kan. 278, 80 P. 2d 1080, where application of G. S. 1949, 79-201, *Sixth,* and a counterpart of G. S. 1949, 13-1406 being G. S. 1949, 14-1001, were involved and where it was held that under those statutes the test whether real estate belonging to a city was exempt from taxation was ownership and not use. That case, however, did not involve a situation where G. S. 1949, 79-201, *Seventh,* presently relied on by appellants, had application, and that case is not decisive of appellants' contention that the last mentioned statute controls.

In view of what is later said we need not enter into any discussion of the rule of construction as to general or special legislation. The appellants make no direct contention that the ordinance of the city of Wichita granting a water distributing franchise to the company is illegal or invalid, and when capacity of the present plaintiff to raise the question and the power of the Harvey county district court to decide it even though the water company were

a party, and it is not, are considered, it is apparent such indirect contention as is made cannot be ruled on.

It is apparent from the ordinance granting the franchise to the company that the city obligates itself to furnish water at a designated place in Sedgwick county and that the company obligates itself to distribute the water to the city and its inhabitants for domestic, commercial and other uses as well as for the extinguishing of fires. There is nothing in the ordinance indicating from what source the city is to obtain water or that the company has any obligation to or any interest in or right to control any property of the city between the point of delivery of water to it and the place where the. city of Wichita may obtain the water. It may not be said that the company has any beneficial interest in the works of the city beyond the point where the water is delivered to the company. For present purposes, we are of the opinion it is of no concern to the appellants how the city distributes the water which it obtains for its uses or whether it may do the same by its own distribution system, if it had or has one, or by contract with someone like the company, for the end result is to supply the city and its inhabitants with water, in itself a legal function under its governmental and police power.

By way of summary we conclude that the motion for the writ and the ordinance attached as part thereof disclose that the Wichita Water Company had no beneficial interest in the property of the city of Wichita located in Harvey county; that the property, works, machinery and fixtures belonging to the city for conveying water to such city, were used exclusively for that purpose; that under G. S. 1949, 79-201, *Seventh,* such property was exempt from taxation and that the trial court did not err in rendering judgment quashing the motion for the alternative writ of mandamus to compel the county clerk of Harvey county to assess the property for taxation and the alternative writ issued.

The judgment of the trial court is affirmed.